**96–1953.  Metrohealth Med. Ctr. v. Hoffman–LaRoche, Inc.**

Certified State Law Question, No. 1:93 CV 484.  On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6).  The court will answer both questions certified by the United States District Court for the Northern District of Ohio, Eastern Division:

"For purposes of OHIO REV.CODE ANN. § 2307.31 and § 2307.32, is a contribution-defendant's liability for wrongful death extinguished by the contribution-plaintiff's settlement with the underlying claimant, which settlement includes a full and final release naming both the contribution-plaintiff and contribution-defendant, where the contribution-defendant had already been dismissed with prejudice as a matter of law from the underlying claimant's action based upon the statute of limitations?

"For purposes of OHIO REV.CODE ANN. § 2307.31(B), is a contribution-defendant's liability for wrongful death extinguished by the contribution-plaintiff's settlement with the underlying claimant, which settlement includes a full and final release naming both the contribution-plaintiff and contribution-defendant, where *res judicata* barred the underlying tort claim against the contribution-defendant?"

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

COOK, J., would answer only the first question.

**96–1961.  State ex rel. Holland v. Glavasis.**

In Mandamus.  *Sua sponte,* cause dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

**96–1979.  Eabens v. USAir, Inc.**

Certified State Law Question, No. 95–3291.  On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6).  The court declines to answer the following certified questions:

"Under OHIO REV.CODE ANN. § 2125.02(B)(4), how is 'loss of prospective inheritance' measured?  To recover for that loss, must one demonstrate some lost 'prospect' or expectation of inheriting from the decedent?"

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., would answer the second question only.

COOK and STRATTON, JJ., dissent and would answer both.

On motion for admission *pro hac vice* by John Brzytwa for Dombroff, Almy, McKinnon and Goddard, Jr.; motion for admission *pro hac vice* of Dennis C. Harrington by Jerry Vande Werken; and motion for admission *pro hac vice* of Regis M. McClelland by Jerry Fande Werken.  Motions granted.

**96–1986.  State ex rel. Williams v. Fuerst.**

In Mandamus.  On motion to dismiss.  Motion to dismiss sustained.  Cause dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

**96–2037.  Armstrong v. Ohio Dept. of Rehab. & Corr.**

In Mandamus.  On answer of respondent.  Answer treated as motion to dismiss.  Motion to dismiss sustained.  Cause dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

**96–2043.  State v. Avitia.**

Williams App. No. WM95033.  On review of order certifying a conflict.  The court determines that no conflict exists within the meaning of S.Ct.Prac.R. IV(2)(B).  This cause is therefore dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

**96–2068.  In re Writ of Habeas Corpus for Brown.**

In Habeas Corpus.  *Sua sponte,* cause dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.